[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from a July 13, 1998 entry of the Allen County Court of Common Pleas, Juvenile Division, overruling objections to the magistrate's decision and entering judgment in accordance with that decision finding no change of circumstances exist warranting a change of custody to appellant.
Appellee Lashlee is the father of Jason Lashlee, Jr., born out of wedlock on 12/27/94. Appellant at the time was a high school student and thus had insufficient resources to care for her son. Appellee was designated as the child's residential parent, having provided primary care since birth. The child has lived with appellee in his parent's home.
On February 5, 1998, the appellee Jason Allen Lashlee filed his motion to dismiss appellant Jennifer Rose Dear's Motion to Modify Custody/Parental Rights and Responsibilities asserting that appellant's motion did not allege a sufficient change of circumstances to warrant modification of custody.
R.C. 3109.04(E)(1)(a) provides:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.
The Supreme Court of Ohio in Davis v. Flickinger (1997),77 Ohio St.3d 415, 674 N.E.2d 1159, found that there must be a change of circumstances to warrant a change of custody and the change must be "a change of substance, not a slight or inconsequential change" so as "to spare the children from a constant tug of war between their parents who would file a motion for a change of custody each time the parent out of custody thought he or she could provide the children a `better' environment."
The Court also stated that a trial judge must have wide latitude in considering all the evidence before him and his decision must not be reversed absent an abuse of discretion as set forth in C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.
Appellant asserts that a change of circumstance exists as appellee's mother who has been babysitting with the child since birth has moved to Florida, leaving appellee alone to care for the child, as there are no other relatives in the area. In addition, appellant states that appellee has fathered another child and now has additional duties and responsibilities.
While appellee is no longer living with his parents, he does have Kimberly Wagner babysitting on Mondays, Wednesdays, and Fridays and the child goes to the YWCA Tuesdays and Thursdays until June when they will have an opening for full-time babysitting at the YWCA. Therefore, the absence of appellee's parents from the scene was viewed as slight or inconsequential by the magistrate and the trial court. We agree.
Further, appellee did testify that he has another child, Elijah, who visits every other weekend and once through the week. Appellee is employed and there was no evidence presented to show that the additional child created any financial or other hardship for the child of the parties. Appellee has a three bedroom townhouse and when Elijah comes to stay he has his own bedroom. Therefore there was no abuse of discretion by the trial court in also considering this item as a slight or inconsequential change.
Appellant also pointed out a change in her circumstances since the birth of the child. Specifically, she has finished her schooling and is employed and "on her own". While she should be commended for her achievements, we find that these changes are not of a nature that the legislature contemplated as sufficient to interfere with the stability established by the custodial status of the child.
We find that the trial court has not abused its discretion as set forth in Appellant's assignment of error. We thus overrule said assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J. and BRYANT, J., concur.